PER CURIAM.
Appellant seeks review of a judgment of conviction and sentence rendered against him upon his plea of guilty to the charge of robbery. By his sole point on appeal appellant challenges the legality of his sentence because it does not take into account or give him credit for the time he spent in jail awaiting trial. Appellant contends that the refusal of the court to credit against his sentence the time he spent in jail violates his constitutional right to the equal protection of the laws as guaranteed in the United States Constitution.
Appellant does not tell us, nor does the record reflect, the amount of time he was incarcerated in the county jail awaiting trial on the criminal charge placed against him. From the record it does appear, however, that appellant was charged with having committed the offense of robbery on February 25, 1969. This charge was made in an affidavit filed by the state attorney on February 26, 1969. Appellant was adjudged insolvent by order of the court rendered on March 27, 1969, at which time the public defender was appointed to represent him. The record reflects no further action taken in appellant’s case until he appeared before the court on October 6, 1969, in the company of his attorney and entered a plea of guilty. At that time the court deferred sentence pending a presentence investigation, after which appellant again appeared before the court on November 10, 1969, for sentencing. After disposing of the formalities the court adjudged appellant guilty and sentenced him to a term of imprisonment for 99 years in the state prison.
From the foregoing chronological order of events it would appear that presuming appellant was arrested and placed in jail on the day he was charged with having committed the offense of robbery, he would have been incarcerated awaiting trial from February 25, 1969, to November 10, 1969, a period of approximately 8j4 months. In view of the fact that he has been sentenced to a term of imprisonment for 99 years, we find great difficulty in understanding how the failure of the court to credit appellant with 8yá months of jail time is either relevant or prejudicial. Appellant’s *754 contention is ill founded and must be rejected under the doctrine of De Minimis Non Curat Lex.
CARROLL, DONALD K., Acting- C. J., and WIGGINTON, and RAWLS, JJ., concur.